ERIC GRANT
United States Attorney
ROBERT ABENDROTH
Assistant United States Attorney
BRAD NG
Special Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

**FILED**
Nov 13, 2025
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CURT MICHAEL TARAS, <br><br> Defendant. | CASE NO. 2:25-cr-0262 DAD <br><br> 18 U.S.C. §§ 922(g)(8) – Possession of a Firearm and Ammunition by a Prohibited Person (3 Counts); 18 U.S.C. §§ 922(q)(2)(A) – Possession of a Firearm within a School Zone; 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) – Criminal Forfeiture |

I N D I C T M E N T

COUNT ONE: [18 U.S.C. § 922(g)(8) – Prohibited Person in Possession of a Firearm and Ammunition]

The Grand Jury charges: T H A T

CURT MICHAEL TARAS,

defendant herein, on or about September 24, 2025, in Sacramento County, State and Eastern District of California, in a vehicle located in the parking lot of a business in Folsom, California, knowing that he was subject to a court order of the Superior Court of California, Sacramento County, on September 18, 2025, Case Number 25DV02520, that was issued after a hearing of which he received actual notice, and at which he had an opportunity to participate, that restrained him from harassing, stalking, and threatening an intimate partner of his, and that by its terms explicitly prohibited the use, attempted use, and threatened use of physical force against such intimate partner that would reasonably be expected to

INDICTMENT                                1

cause bodily injury, did knowingly possess a firearm and ammunition, specifically, a Springfield Armory 9mm Hellcat Pistol and rounds of 9mm caliber, ammunition, in and affecting commerce, in that said firearm and ammunition had previously been transported in interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(g)(8).

COUNT TWO: [18 U.S.C. § 922(q)(2)(A) – Possession of a Firearm Within a School Zone]

The Grand Jury further charges: T H A T

CURT MICHAEL TARAS,

defendant herein, on or about September 24, 2025, in the State and Eastern District of California, did knowingly possess a firearm, that is, a Springfield Armory 9mm Hellcat Pistol, that had moved in interstate commerce, within a distance of 1,000 feet of the grounds of Folsom High School, a place that the defendant knew and had reasonable cause to believe was a school zone, in violation of Title 18, United States Code, Sections 922(q)(2)(A) and 924(a)(4).

COUNT THREE: [18 U.S.C. § 922(g)(8) – Prohibited Person in Possession of Ammunition]

The Grand Jury further charges: T H A T

CURT MICHAEL TARAS,

defendant herein, on or about September 24, 2025, in Sacramento County, State and Eastern District of California, inside the defendant's residence in Folsom, California, knowing that he was subject to a court order of the Superior Court of California, Sacramento County, on September 18, 2025, Case Number 25DV02520, that was issued after a hearing of which he received actual notice, and at which he had an opportunity to participate, that restrained him from harassing, stalking, and threatening an intimate partner of his, and that by its terms explicitly prohibited the use, attempted use, and threatened use of physical force against such intimate partner that would reasonably be expected to cause bodily injury, did knowingly possess ammunition, specifically, various rounds of 40 caliber, 9mm caliber, and .38 Special ammunition, in and affecting commerce, in that said ammunition had previously been transported in interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(g)(8).

///

///

COUNT FOUR: [18 U.S.C. § 922(g)(8) – Prohibited Person in Possession of a Firearm and Ammunition]

The Grand Jury further charges: T H A T

CURT MICHAEL TARAS,

defendant herein, on or about September 26, 2025, in El Dorado County, State and Eastern District of California, knowing that he was subject to a court order of the Superior Court of California, Sacramento County, on September 18, 2025, Case Number 25DV02520, that was issued after a hearing of which he received actual notice, and at which he had an opportunity to participate, that restrained him from harassing, stalking, and threatening an intimate partner of his, and that by its terms explicitly prohibited the use, attempted use, and threatened use of physical force against such intimate partner that would reasonably be expected to cause bodily injury, did knowingly possess firearms and ammunition, specifically, a Smith and Wesson .38 caliber pistol, a Springfield Armory 9mm pistol, a Savage Arms Corp 6.5 caliber Creedmoor rifle, a Mossberg 12 gauge shotgun, a Smith and Wesson .357 caliber pistol, and various rounds of 12 gauge, .38 Special, 9 mm caliber, 5.56 caliber, .223 caliber, and .357 caliber ammunition, in and affecting commerce, in that said firearms and ammunition had previously been transported in interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(g)(8).

FORFEITURE ALLEGATION: [18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) – Criminal Forfeiture]

1. Upon conviction of one or more of the offenses alleged in Counts One through Four of this Indictment, defendant CURT MICHAEL TARAS shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing or willful commission of the offenses.

2. If any property subject to forfeiture, as a result of the offenses alleged in Counts One through Four of this Indictment, for which defendant is convicted:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

INDICTMENT

   e.  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 28 U.S.C. § 246l(c), incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of defendant, up to the value of the property subject to forfeiture.

                A TRUE BILL.

                /s/ Signature on file w/AUSA
                _____
                FOREPERSON

*Eric Grant*
_____
ERIC GRANT
United States Attorney

INDICTMENT             4

No. _____

## UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

### THE UNITED STATES OF AMERICA

vs.

### CURT MICHAEL TARAS

### I N D I C T M E N T

**VIOLATION(S):**

18 U.S.C. § 922(g)(8) – Possession of a Firearm and Ammunition by a Prohibited Person
18 U.S.C. § 922(q)(2)(A) – Possession of a Firearm within a School Zone;
18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) – Criminal Forfeiture

*A true bill,*

_____ **/s/ Signature on file w/AUSA** _____
*Foreman.*

*Filed in open court this* _____ 13th _ *day*
*of* November _____, *A.D.* 2025

_____ /s/ J. Murphy _____
*Clerk.*

*Bail, $* No process necessary.

_____ /s/ Jeremy Peterson
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

GPO 863 525

## United States v. CURT MICHAEL TARAS
### Penalties for Indictment

**Defendant**
**CURT MICHAEL TARAS**

### COUNT 1

VIOLATION:   18 U.S.C. §§ 922(g)(8) – Possession of a firearm and ammunition by a prohibited person

PENALTIES:   A maximum of up to fifteen years imprisonment;
Fine of up to $250,000; or both fine and imprisonment;
Supervised release of up to two years

SPECIAL ASSESSMENT: $100 (mandatory on each count)

### COUNT 2

VIOLATION:   18 U.S.C. §§ 922(q)(2)(A) – Possession of a firearm within a school zone

PENALTIES:   A maximum of up to five years imprisonment, which shall not run concurrently with any other term of imprisonment imposed under any other provision of law;
Fine of up to $250,000; or both fine and imprisonment;
Supervised release of up to two years

SPECIAL ASSESSMENT: $100 (mandatory on each count)

### COUNT 3

VIOLATION:   18 U.S.C. §§ 922(g)(8) – Possession of ammunition by a prohibited person

PENALTIES:   A maximum of up to fifteen years imprisonment;
Fine of up to $250,000; or both fine and imprisonment;
Supervised release of up to two years

SPECIAL ASSESSMENT: $100 (mandatory on each count)

## COUNT 4

VIOLATION:  18 U.S.C. §§ 922(g)(8)– Possession of a firearm and ammunition by a prohibited person

PENALTIES:  A maximum of up to fifteen years imprisonment;
Fine of up to $250,000; or both fine and imprisonment;
Supervised release of up to two years

SPECIAL ASSESSMENT: $100 (mandatory on each count)

## FORFEITURE ALLEGATION:

APPLICABLE SECTIONS:  18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) - Criminal Forfeiture

PENALTIES:  As stated in the charging document