TAYLOR LAW, PC
455 Capital Mall, Suite 305
Sacramento, CA 95814
Telephone: (916)594-2469
Email: Matt@taylorlaw.us

MATTHEW C. TAYLOR
Attorney at Law
SBN 278245
Attorney for Defendant,
Curt Michael Taras

# IN THE UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff<br><br>vs.<br><br>CURT MICHAEL TARAS<br><br>Defendant | Case No. 2:25-CR-00262-DAD<br><br>**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION FOR BAIL REVIEW AND CONDITIONS OF RELEASE**<br><br>Date: 11/21/2025<br>Time: 2:00 PM |

## MEMORANDUM OF POINTS & AUTHORITIES

### PROCEDURAL BACKGROUND

Defendant is charged with one count of 18 U.S.C. § 922(q)(2)(A) (Possession of a Firearm in a School Zone) and three counts of 18 U.S.C. § 922(g)(8) (Prohibited Person in Possession of a Firearm or Ammunition).

On October 13, the defendant appeared before Judge Sean Riordan, who indicated he was inclined to release Mr. Taras to a residential mental-health facility.

1  The defense subsequently requested bail review on November 13, 2025, before Judge
2  Jeremy Peterson and sought release to New Dawn, a dual-diagnosis facility in
3  Sacramento. Judge Peterson denied that request, stating he would consider release only
4  to an inpatient residential program.

5  **The defendant has since been formally accepted into the VA's supervised**
6  **Residential Treatment Program in White City, Oregon.**

7  Mr. Taras brought a detention motion back in front of Judge Peterson on
8  November 21, 2025.  Mr. Taras was accepted into the program with an admittance date
9  of 11/25/25, however that date changed before the hearing to 12/10/2025.  The court
10 indicated that it would release Mr. Taras into the program after a few logistical calls
11 were made by pretrial services.  The government indicated that it was agreeable to Mr.
12 Taras' release into the White City Program.

13 This is not a presumption-detention case, and the defense now seeks release
14 consistent with the Court's earlier indicatio.

15 Due to the timing of the space becoming available the defendant is requesting
16 the court calendar this on 12/5/2025.  The defendant needs to address custodial status
17 in the California Superior Court, County of Sacramento after a bail hearing before this
18 court.

19
20                          **FACTUAL BACKGROUND**

21 Curt is a retired Air Force Captain with an 80% service-connected disability,
22 including TBI, and one prior 5150 from years ago tied to a mental-health episode
23 without violence. Leading up to this incident, he was going through a divorce, was
24 unmedicated, and was experiencing paranoia about his family's safety: not making
25 threats. His son attends Folsom High School, which is why he focused his worries on
26 that location.

27 The incident itself was a mental-health crisis, not a crime of dangerousness.
28 Curt went to the high-school campus after attending a yoga class nearby.  He was on

campus after hours, and was approached by staff. He never threatened anyone and did not bring a gun onto campus. He voiced concern about school layout in an active-shooter scenario and repeated the same during his custodial interview with Folsom Police Department. A firearm was later found locked in a glove box off campus on private property outside the Yoga Studio. He was prohibited from possessing firearms because of a Temporary Restraining Order at the time. All firearms have since been seized with his cooperation. He has no access to weapons today.

Since arrest, Curt has been fully medication-compliant for bipolar treatment, has strong family support, and has been accepted into the White City, Oregon residential program. He has been preliminarily accepted into Veterans Treatment Court, has surrendered his passport, and is willing to comply with any condition the Court orders, including GPS monitoring, no-contact orders, firearm prohibition, and strict residential placement.

### PROPOSED CONDITIONS OF RELEASE

A long list of useful conditions is provided in the statute to facilitate release rather than detention. See subd. (c)(1)(B). Defendant proposes the following conditions of

1. 3rd Party custody of the United States Veteran's Administration White City Oregon
2. Unsecured appearance bond signed by the defendant
3. Reside at a residential mental health facility and successfully complete program.
4. After conclusion of residential treatment continue to take prescribed medications.
5. After conclusion of residential treatment continue to attend outpatient treatment as recommended by pretrial services and the Veteran's Administration.

6. After conclusion of residential treatment remain on ankle monitoring as a term of release.

7. Such other terms as the Court deems appropriate.

Dated: November 28, 2025                                   Respectfully Submitted

By: _____

MATTHEW C. TAYLOR

Attorney for Defendant